# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **MIDWEST OPERATING ENGINEERS WELFARE FUND**; et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 15 C 6441 ) |
| **THOMAS EXCAVATING & WELDING, INC.**, an Indiana Corporation; et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM ORDER

At the end of last week defendants Thomas Excavating & Welding, Inc. ("Thomas Excavating"), Kent Thomas ("Kent") and his wife Dawn Thomas ("Dawn") filed their Answer to the First Amended Complaint ("FAC") brought against them by a number of employee benefit funds (collectively the "Funds") and Local 150 of the International Union of Operating Engineers ("the Union") to collect substantial amounts due to the Funds, the Union and a labor management cooperative committee. This memorandum order is issued sua sponte because of some irregularities and other flaws in that Answer that require correction.

To begin with, each of the seven counts in the FAC has been met with a challenge to the lodging of venue in this District Court, a challenge that this Court believes cannot be mounted in compliance with the obligation imposed by Fed. R. Civ. P. ("Rule") 11(b) that requires both subjective and objective good faith in pleading on the part of parties and their counsel. In that respect both Thomas Excavating and Kent have acknowledged, as they must, that the "Payment Plan" that provides the springboard for this action (an October 14, 2013 letter agreement, Ex. D

to the original Complaint in this action and to the FAC as well) contains this provision as part of paragraph 3 of that document (with emphasis added):

> In the event that the Funds elect to file suit to collect outstanding amounts, <u>each individual</u> <u>consents</u> <u>to</u> entry of judgment against her or him, and the company for the foregoing amounts, any other amounts to which the Funds are entitled (including all amounts on Schedule A) and <u>the jurisdiction of the United States District Court for the Northern District of Illinois</u>.[1]

And here are the provisions of the venue statute that are relevant to this action, 28 U.S.C. § 1391(b)(2) and (3) (emphasis added):[2]

> A civil action may be brought in --
>
>       *   *   *
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which <u>any</u> defendant is subject to the court's personal jurisdiction with respect to such action.

As for Section 1391(b)(2), plaintiffs urge but defendants deny that it fits this case. But that need not be decided for present purposes, because if it does not Section 1391(b)(3) clearly does -- and Thomas Excavating <u>is</u> subject to personal jurisdiction here because it expressly agreed to be. Indeed, if the Payment Plan is read with even a modicum of common sense, it is

---

[1] [Footnote by this Court] That Payment Plan was allegedly signed by Kent individually as well as Thomas Excavating, though it was not individually signed by Dawn. Although Kent disclaims his individual signature as guarantor under the Payment Plan, that dispute need not be resolved at this pleading stage of the case.

[2] Subsection 28 U.S.C. § 1391(b)(1) is concededly not relevant here. Further references to the other subsections will take the form "Section --," omitting the prefatory "28 U.S.C. §."

plain that its reference to a consent to this District Court's "jurisdiction" over any defendant must embrace a consent to venue here as well.

There are numerous added problems with the FAC, but this Court will not expend its time and resources in attempting an exhaustive chapter-and-verse exposition. Instead a few examples will be essayed here, on the premise that defense counsel is responsible for conducting a searching review and filing a self-contained Amended Answer. Here are some added examples:

1. Having admitted in Answer ¶ 9 to the allegations of Facts Common to All Counts that a judgment for over $132,000 was entered against Thomas Excavating, defendants can scarcely deny that, as the corresponding FAC ¶ 9 alleges:

    > Thomas Excavating & Welding, Inc. did not promptly pay the amounts required by the entry of judgment.

2. In the same way, the next response in Answer ¶ 10 hedges that response with some denials that are inconsistent with admissions elsewhere.

3. In like fashion, the next response in Answer ¶ 11 denies the last two sentences of the corresponding FAC paragraph when it is wholly implausible to do so.

As already stated, this discussion of obfuscation and inconsistent assertions in the Answer could go on at length, but it is the responsibility of defense counsel and not this Court to review the pleading so that it serves to identify just what contentions are or are not at issue, so as to serve the basic federal pleading function of notice pleading -- to have the concept of "notice" in "notice pleading" cut in both directions. And that is particularly true as to denials of a

complaint's allegations, whether total or partial, as to allegations in a paragraph of the plaintiff's pleading.

There are also problematic aspects of the purported affirmative defenses ("ADs") that follow the Answer itself as well. Here they are:

1. It is impermissible simply to state without support, as AD 1 does, that subject matter jurisdiction is lacking over certain counts of the FAC -- after all, subject matter jurisdiction is essential to this Court's power to act to begin with. If defendants have some basis for that assertion, they are obligated to flesh out their predicate for that contention so that this Court can address the matter on an informed basis. Absent such a prompt submission, AD 1 will be stricken.

2. ADs 2, 3 and 5 seek to invoke Rule 12(b)(6), which is not an AD as that concept is embodied in Rule 8(c) and the caselaw construing and applying it (see also App'x ¶ 5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001)). It is not just a matter of the conspicuous absence of such an objection from the laundry list set out in Rule 8(c) -- here, as with AD 1, defendants must supply some persuasive support beyond their mere ipse dixit. Such support is essential to avoid the potential for the purported AD's sitting there as a bomb, capable of being exploded at some later time after the parties' resources have been

expended in pursuing and defending the assertedly defective claim for relief. Hence all three of those ADs are stricken in their present form.[3]

In sum, the present Answer and ADs are stricken in their entirety, but without prejudice to the filing of a self-contained Amended Answer and any appropriate accompanying ADs on or before December 2, 2016. Because it appears quite clear that the defects identified here may be laid at counsel's doorstep rather than their clients', no charge is to be made to the clients for the time and expenses involved in defense counsel's return to the pleading drawing board. Defense counsel are ordered to transmit a letter to the clients apprising them of that fact, with a copy of the forwarding letter to be transmitted to this Court (purely for informational purposes, not for filing).

                                                                                                      _____
                                                                                                       Milton I. Shadur
                                                                                                       Senior United States District Judge

Date: November 15, 2016

---

[3] No comment is made here as to the substantive viability or lack of viability of AD 4. Any issue in that respect remains for another day.